UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. RIFAT, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVE JONES, et al.,<br><br>　　　　　　　　Defendants. | Case No.:  3:21-cv-1667-L-KSC<br><br>**ORDER ON DEFENDANTS'<br>MOTIONS TO DISMISS** |

Pending before the Court in this civil rights action is Defendants Dave Jones and David Steele's motions to dismiss. (ECFs 8 and 9). Plaintiffs opposed, and Defendants replied. The Court decides the matter on the papers submitted and without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **denies** the motion to stay, **grants in part** Defendant Jones' motion to dismiss, and **grants** Defendant Steele's motion to dismiss, **with leave to amend**.

**I.　FACTUAL BACKGROUND**

This action relates to insurance investigations. Plaintiff Matthew Rifat ("Matthew") is an attorney in San Diego who runs companies that provide administrative services to healthcare clients. Those services have included processing payroll, bookkeeping, and vendor management. One of his clients was Blue Oak Medical Group, Inc., a medical practice. Blue Oak had been the subject of criminal investigations. Matthew alleges he had no knowledge about that.

On January 17, 2018, the Riverside County District Attorney's Office raided Matthew's home, law office, and airplane hangar. The search resulted in the seizure of Matthew's law firm client files in every legal matter in which Matthew had served as counsel for the past twenty years. Matthew was later indicted for insurance fraud and money laundering.

After the seizure, the Riverside County Superior Court informed the prosecutors that they had to proceed with a statutorily prescribed special master review due to the potential confidential material.

The prosecutors, through Defendant San Bernardino District Attorney Investigator David Steele, obtained a search warrant for Matthew's email account from the San Bernardino County Superior Court. The supporting affidavit, that Defendant Steele signed under penalty of perjury, did not inform the San Bernardino Court about the other seizure. Defendant Steele's verified statement of probable cause concealed from the Court that Matthew was an attorney whose email account was used to conduct his work as an attorney in San Diego County and did not include any provision for the participation of a special master.

Matthew sued Blue Oak in San Diego Superior Court due to the fraud allegations against them. He took the deposition of a key witness during discovery. The witness pled the Fifth Amendment in response to every question. Matthew made no actual or implied threats, did not discuss future proceedings at which the witness might testify, and conducted the deposition quickly to avoid inconvenience or burden to the witness. Matthew subsequently wrote a meet and confer letter to counsel for the witness, informing them he would file a motion to compel because the invocation of the Fifth Amendment was not warranted under the circumstances.

On October 9, 2020, a Riverside County Deputy District Attorney filed a felony complaint against Matthew, alleging he violated California Penal Code section 136.1 (attempt to knowingly and maliciously prevent or dissuade a witness from testifying) based on his taking of the deposition. Defendant Dave Jones, a Riverside County District Attorney Investigator, authored and signed a declaration in support of the arrest warrant that contained several false statements, including that Matthew harassed the witness.

On November 9, 2020, the Riverside County Superior Court dismissed those charges against Matthew, concluding there was insufficient cause to believe he was guilty of attempted witness suppression. On January 19, 2021, the Court made a finding that Matthew was factually innocent of the charge pursuant to California Penal Code section 851.8.

Matthew and his wife, Plaintiff Tracy Rifat, subsequently initiated this civil action, asserting several state and federal law claims against Defendants related to the warrants.

## II.     DISCUSSION

### Motion to Stay

Defendants, citing *Heck v. Humphrey*, move to stay this civil action because there is a pending criminal action against Matthew in state court. Defendants contend any criminal conviction in that action may bar the section 1983 claims.

The Court finds a stay is unwarranted. The criminal action related to the alleged witness suppression was dismissed. And there may be no conviction in the insurance fraud matter. It is also unclear what evidence the prosecution will present at trial (or how). Moreover, the state court suppressed the seized emails. For all these reasons, the Court **denies** the motion to stay.[1] *See Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994) ("a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.") (internal citations omitted, emphasis original).

### Defendant Steele's Motion to Dismiss (ECF No. 8)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

---

[1] Defendants may raise the *Heck* doctrine or seek other relief at a later stage, including in any response to an amended complaint. *See also id*. at 487 n.8 ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.")

3

3:21-cv-1667-L-KSC

### *Sixth Claim: Unlawful Seizure and Search Without Probable Cause*

Plaintiffs assert a section 1983 claim against Defendant Steele for seizing his emails without probable cause. Steele argues the sixth claim is subject to dismissal because he had a warrant to conduct the search and seizure. But "the fact that a neutral magistrate has issued a warrant authorizing the allegedly unconstitutional search or seizure does not end the inquiry into objective reasonableness." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). There may be a constitutional claim "when it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id*. (internal quotation marks and citation omitted). "The 'shield of immunity' otherwise conferred by the warrant . . . will be lost, for example, where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. (internal quotation marks and citation omitted). "The threshold for establishing this exception is a high one." *Id*. After all, "in the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination because it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." *Id*. (internal quotation marks, citations, and brackets omitted); *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986) ("only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.")

It is unclear from the amended complaint whether Plaintiffs are attempting to assert a claim under the above exception. Regardless, Plaintiffs rely on conclusory allegations. (ECF 11 at 10:2-3). That is insufficient. *Twombly*, 550 U.S. at 555. The Court therefore **dismisses** the claim **with leave to amend**.[2] Fed. R. Civ. P. 15; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### *Seventh Claim: Judicial Deception*

Plaintiff asserts a judicial deception claim against Defendant Steele. "To support a section 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or

---

[2] To the extent Plaintiffs assert Steel obtained the warrant through judicial deception, it is duplicative of the seventh claim.

recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).

"A plaintiff who provides direct evidence of false statements can allege deliberate fabrication of evidence in violation of constitutional due process guarantees." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146 (9th Cir. 2021). "Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (internal quotation marks and citation omitted). "Nor may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received." *Id*. "The omission of facts rises to the level of misrepresentation only if the omitted facts cast doubt on the existence of probable cause." *Id.* at 1226 (internal quotation marks and citation omitted).

"The materiality element—a question for the court—requires the plaintiff to demonstrate that the magistrate would not have issued the warrant with false information redacted, or omitted information restored." *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011); *KRL*, 384 F.3d at 1117. "If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Ewing*, 588 F.3d at 1224. "If probable cause remains after amendment, then no constitutional error has occurred." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011).

"The government need not include all of the information in its possession to obtain a search warrant." *Ewing*, 588 F.3d at 1226 (internal quotation marks and citation omitted).

Plaintiffs do not allege the warrant application included false statements. Instead, they argue material facts were omitted from it. Specifically, the application did not disclose that Matthew was an attorney or that special procedures were required under state law due to the seizure of potential attorney-client communications.

However, there are no factual allegations to suggest Steele knew (or should have known) that information. It is also unclear how the failure to inform the court about the need to have a special master review the seized communications impacted the existence of probable cause. For these reasons, the Court **dismisses** the seventh claim **with leave to amend**.

*Eleventh Claim: Invasion of Privacy*

Plaintiffs assert a section 1983 claim against Defendant Steele for "invasion of privacy." Plaintiffs fail to cite the constitutional right that supports that vague claim. It appears duplicative of the sixth and seventh claim. There are also insufficient factual allegations about Plaintiff Tracy Rifat's expectation of privacy in Matthew's email account. For these reasons, the Court **dismisses** the claim **with leave to amend**.

*State Law Claims*

Defendant Steele argues the state law claims are subject to dismissal because Plaintiffs failed to comply with the California Tort Claims Act. *See* Cal. Gov. Code § 945.4 ("no suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim . . . has been presented to the public entity.") Steele is an employee of San Bernardino County. However, Plaintiffs only submitted a claim to Riverside County. Plaintiffs contend Steele was an agent of the Riverside County District Attorney's Office. There are insufficient factual allegations to support that contention. The Court therefore **dismisses** the state law claims as to Steele **with leave to amend**.

Because the Court has dismissed the claims against Steele, it declines to address his motion to strike related to the request for punitive damages and civil penalties.

**Defendant Jones' Motion to Dismiss (ECF No. 9)**

Defendant Jones moves to dismiss the negligence claim, arguing Plaintiffs failed to "provide any specificity" about the claim. The amended complaint sets forth factual allegations related to Jones, including that he intentionally made false statements to obtain an arrest warrant. These allegations are sufficient to provide Jones with notice as to the allegations Matthew asserts against him. But it is unclear from the amended complaint what factual allegations support Plaintiff Tracy Rifat's negligence claim against Jones. For these reasons, the Court **grants in part** and **denies in part** his motion to dismiss **with leave to amend**.

///
///
///
///
///

### III. CONCLUSION

For the reasons stated above, the Court **denies** Defendants' motion to stay. The Court **grants in part** and **denies in part** Jones' motion to dismiss **with leave to amend** (ECF No. 9). The Court **grants** Steele's motion to dismiss **with leave to amend** (ECF No. 8). Plaintiffs have until **May 25, 2022**, to file an amended complaint (if any).

**IT IS SO ORDERED**.

Dated: May 11, 2022

_____
Hon. M. James Lorenz
United States District Judge