UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW D. RIFAT, et al.,<br><br>                                   Plaintiffs,<br><br>v.<br><br>DAVE JONES, et al.,<br><br>                                   Defendants. | Case No.:  3:21-cv-1667-L-KSC<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT** |

Pending before the Court in this civil rights action are Defendants Dave Jones and David Steele's motions to dismiss. Plaintiffs opposed, and Defendants replied. The Court decides the matter on the papers submitted and without oral argument. Civ. L. R. 7.1. For the reasons stated below, the Court **grants** the motions to dismiss, **with leave to amend**.

**I.    FACTUAL BACKGROUND**

This action relates to insurance fraud investigations. Plaintiff Matthew Rifat ("Matthew") is an attorney in San Diego who runs companies that provide administrative services to healthcare clients. Those services have included processing payroll, bookkeeping, and vendor management. One of his clients was Blue Oak Medical Group, Inc., a medical practice. Blue Oak had been the subject of criminal investigations. Matthew alleges he had no knowledge about that investigation.

On January 17, 2018, the Riverside County District Attorney's Office executed a search warrant at Matthew's home, law office, and airplane hangar. The San Bernardino County District Attorney's Office assisted with the execution of the warrant. The search resulted in the seizure of Matthew's law firm client files in every legal matter in which he had served as

counsel for the past twenty years. The warrant also authorized the search and seizure of Matthew's digital devices and data, laptops, desktops, hard drives, cell phones, and other electronics. Matthew was later indicted for insurance fraud and money laundering. The criminal matter is pending.

After the seizure, the Riverside County Superior Court informed the prosecutors that they had to proceed with a statutorily prescribed special master review due to the potential confidential material.

On January 22, 2018, San Bernardino District Attorney Investigator David Steele obtained a search warrant for Matthew's email account from the San Bernardino County Superior Court. The supporting affidavit, which Defendant Steele signed under penalty of perjury, did not inform the court about the other seizure. Defendant Steele's verified statement of probable cause concealed from the court that Matthew was an attorney whose email account was used to conduct his work as an attorney in San Diego County. The application also did not include any provision for the participation of a special master or any reference to the prior seizure.

Matthew and his wife, Plaintiff Tracy Rifat, subsequently initiated this civil action, asserting several state and federal law claims against Defendants related to the warrants.

## II. DISCUSSION

**Defendant Steele's Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

***Sixth Claim: Unlawful Seizure and Search Without Probable Cause***

Matthew asserts a section 1983 claim against Defendant Steele for seizing his emails without probable cause. Steele had a warrant to conduct the search and seizure.

"The fact that a neutral magistrate has issued a warrant authorizing the allegedly unconstitutional search or seizure does not end the inquiry into objective reasonableness." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). There may be a constitutional claim "when it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id*. (internal quotation marks and citation omitted). "The 'shield of immunity' otherwise conferred by the warrant . . . will be lost, for example, where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*. (internal quotation marks and citation omitted). "The threshold for establishing this exception is a high one." *Id*.  After all, "in the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination because it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." *Id*. (internal quotation marks, citations, and brackets omitted); *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986) ("only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.") (internal citation omitted).

The Court should consider any facts known to Steele when he sought the warrant, not only what he included in the affidavit. *Messerschmidt*, 565 U.S. at 547; *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) ("courts can look beyond the four corners of the affidavit to consider extrinsic factors in the good faith analysis.")

There are insufficient factual allegations to plausibly show it was objectively unreasonable for Steele to determine probable cause existed. This is especially true given the other seizure of law firm files, devices, etc. that occurred a few days prior to the email warrant.[1] Matthew also cannot rely on conclusory allegations that the warrant was "so lacking in indicia

---

[1] Matthew does not raise any claims related to the earlier search and seizure.

of probable cause." (*See* SAC at ¶ 99).[2] The Court therefore **dismisses** the sixth claim, **with leave to amend**. Fed. R. Civ. P. 15; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### *Seventh Claim: Judicial Deception*

Alternatively, Matthew asserts a judicial deception claim against Defendant Steele. That is, if the warrant was supported by probable cause, Steele intentionally or recklessly failed to provide the court with information that would have dispelled it.

"To support a section 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).

"A plaintiff who provides direct evidence of false statements can allege deliberate fabrication of evidence in violation of constitutional due process guarantees." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146 (9th Cir. 2021). "Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (internal quotation marks and citation omitted). "Nor may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received." *Id*. "The omission of facts rises to the level of misrepresentation only if the omitted facts cast doubt on the existence of probable cause." *Id.* at 1226 (internal quotation marks and citation omitted).

"The materiality element—a question for the court—requires the plaintiff to demonstrate that the magistrate would not have issued the warrant with false information redacted, or omitted information restored." *Smith v. Almada*, 640 F.3d 931, 937 (9th Cir. 2011); *KRL*, 384 F.3d at 1117. "If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause." *Ewing*, 588 F.3d at 1224. "If probable cause remains after amendment, then no constitutional error has occurred." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011).

---

[2] Matthew mostly relies on assertions that mirror his judicial deception claim. (*See* SAC ¶¶ 101-104, 108-111).

"The government need not include all of the information in its possession to obtain a search warrant." *Ewing*, 588 F.3d at 1226 (internal quotation marks and citation omitted).

Matthew does not allege the warrant application included false statements. Instead, he argues material facts were omitted from it. Specifically, the application did not disclose that Matthew was an attorney or that special procedures were required under state law due to the seizure of potential attorney-client communications. However, it is unclear how the failure to inform the court about the need to have a special master review the seized communications impacted the existence of probable cause. There are no factual allegations to suggest the disclosure of his profession would have altered the court's probable cause determination. This is especially true given that a few days prior to the seizure at-issue, officers executed a warrant at his law firm, taking into possession documents (including client files) and electronics (*e.g.*, cell phones and laptop). For these reasons, the Court **dismisses** the seventh claim, **with leave to amend**.[3] Matthew needs to allege facts that plausibly suggest the alleged omissions were material to the probable cause determination.[4]

---

[3] Matthew alleges Defendant Steele violated state law when Steele failed to include the necessary provisions about protecting attorney-client communications contained in seized materials. (SAC at ¶ 50) ("Steele's verified statement of probable cause . . . did not include any provision for the participation of a special master consistent with what California law requires."); (¶ 112) ("Steele . . . should have been trained in the special procedures required under state law relative to attorney-client communications . . . [and] pursued an illegal search that was the subject of special proceedings."); (¶ 113) ("Steele failed to inform the judge . . . [that the] email communications were covered by special procedures under California law.") But that does not amount to a 1983 claim. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("section 1983 requires [a plaintiff] to demonstrate a violation of federal law, not state law.")

[4] Based on his arguments and allegations, Matthew appears to assert a judicial deception claim under section 1983 that is unrelated to any probable cause determination. (ECF No. 29 at p. 16, ln. 5-11). That is, the San Bernardino court – even upon a showing of probable cause – would have declined to issue the warrant due to the other state court proceedings, amounting to a judicial deception claim. (*See* SAC at ¶ 50) ("Defendant Steele's statement to the Court did not inform the Court that the warrant was being used to avoid claims of privilege and work product in eventual special master proceedings. Defendant Steele knew or should have known that proper disclosure of material facts to the San Bernardino Court would have caused the Court to decline to sign the warrant or to examine the matter further.") Matthew, however, does not cite any precedent to support such a claim. *See Ewing*, 588 F.3d at 1226; *Bravo*, 665 F.3d at 1084. It also relies on speculation as to what the court might have done if informed about the alleged facts that are unrelated to probable cause and the court's alleged discretion in such a case. *See* Cal. Penal Code § 1528.

*Eleventh Claim: Invasion of Privacy*

Plaintiffs, in response to Defendant Steele's motion to dismiss, agree to the dismissal of the eleventh claim. The Court therefore **grants** the motion as to this claim.

*State Law Claims*

Defendant Steele argues the state law claims are subject to dismissal because Plaintiffs failed to comply with the California Tort Claims Act. *See* Cal. Gov. Code § 945.4 ("no suit for money or damages may be brought against a public entity on a cause of action . . . until a written claim . . . has been presented to the public entity.") Steele is an employee of San Bernardino County. However, Plaintiffs only submitted a claim to Riverside County. Plaintiffs contend Steele was an agent of the Riverside County District Attorney's Office. There are insufficient factual allegations to support that contention. Specifically, there are no factual allegations to show Riverside controlled Steele. In fact, the SAC tends to show the opposite: "[San Bernardino County District Attorney Office] sought and obtained a search warrant for Matthew [Rifat's] Gmail account . . . This warrant was obtained from the San Bernardino County Superior Court." (SAC at ¶ 29). Plaintiffs also cannot rely on labels or conclusory allegations (*e.g.*, Steele was an agent of Riverside County). *Twombly*, 550 U.S. at 555. The Court therefore **dismisses** the state law claims as to Steele, **with leave to amend**. Fed. R. Civ. P. 15.

Because the Court has dismissed the claims against Steele, it declines to address his motion to strike related to the request for punitive damages and civil penalties.[5]

**Defendant Jones' Motion to Dismiss**

Defendant Jones moves to dismiss the negligence claim, arguing Plaintiffs failed to cite the statutory authority that supports the negligence claim. Jones argues it is unclear whether Plaintiffs are asserting a common law or a mandatory duty claim. (ECF No. 23). There may be applicable immunities as to the former. *Id*. Plaintiffs argue they assert a mandatory duty claim, citing various statutes Defendant Jones allegedly violated (Cal. Penal Code § 817, 118, 118.1, and 125). (ECF No. 26). However, the SAC does not contain any reference to those statutes. (ECF No. 20 at p. 30-31). And Plaintiffs cannot defeat a motion to dismiss by asserting new

---

[5] However, Plaintiffs do not object to the Court striking their request for civil penalties. (*See* ECF No. 29 at p. 1).

allegations in an opposition. Because the SAC fails to give Defendant Jones the requisite notice, the Court **grants** the motion, with **leave to amend**. Fed. R. Civ. P. 15.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the motions to dismiss, **WITH LEAVE TO AMEND**. Plaintiffs have until **September 8, 2022**, to file an amended complaint (if any).

**IT IS SO ORDERED**.

Dated: August 18, 2022

_____
Hon. M. James Lorenz
United States District Judge