UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MATTHEW D. RIFAT & TRACY M. RIFAT, <br><br> Plaintiffs, <br><br> v. <br><br> DAVE JONES, DAVID STEELE, and DOES 1–10, <br><br> Defendants. | Case No.: 21-cv-1667-L-KSC <br><br> **ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT AND DENYING MOTION TO STRIKE AS MOOT** <br><br> **[ECF No. 36]** |

Pending before the Court is Defendant David Steele's ("Defendant") motion to dismiss Plaintiff Matthew D. Rifat and Plaintiff Tracy M. Rifat's (collectively, "Plaintiffs") third amended complaint ("TAC") and motion to strike.  (ECF No. 36.) Plaintiffs opposed, (ECF No. 38), and Defendant replied, (ECF No. 39).  For the reasons stated below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion to strike as moot.

1.    **BACKGROUND**

While the parties are familiar with the facts of this case from previous pleadings, the Court provides a relevant summary.  Plaintiff Matthew D. Rifat ("Matthew") is an attorney in San Diego who runs companies that provide administrative services to healthcare clients.  (ECF No. 35, at 2.)  Those services have included processing payroll, bookkeeping, and vendor management.  (*Id.*)  One of his clients was Blue Oak Medical Group, Inc., a medical practice.  (*Id.*)  Blue Oak had been the subject of criminal investigations.  (*Id.*)  Matthew alleges he had no knowledge about that investigation. (*Id.*)

Defendant David Steele, a San Bernardino District Attorney Investigator, obtained a search warrant for Matthew's email account from the San Bernardino County Superior Court on January 22, 2018.  (*Id.* at 7.)  The search warrant asked the court to authorize

the search and seizure of all account activity from October 2015 to January 2018.  (*Id.*)
The court authorized the warrant and Defendant received the Gmail returns in early
February of 2018.  (*Id.*)  Plaintiff attached the search warrant and supporting affidavit to
the third amended complaint.  (*See* ECF No. 35-2.)  Defendant Steele signed the
supporting affidavit under penalty of perjury.  (*Id.* at 13.)

Matthew and his wife, Plaintiff Tracy M. Rifat, now assert one claim against
Defendant Steele in their sixth cause of action for unlawful seizure and search based on
an overbroad warrant without probable cause.  (ECF No. 35, at 28.)  Defendant moves to
dismiss the single claim against him.  (ECF No. 36.)

## 2.   LEGAL STANDARD

### a.   Motion to Dismiss

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v.
Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain, in part, "a short and
plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
8(a)(2).  But plaintiffs must also plead "enough facts to state a claim to relief that is
plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*
Fed. R. Civ. P. 12(b)(6).  The plausibility standard demands more than "a formulaic
recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further
factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,
550 U.S. at 557).  In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material
fact are taken as true and construed in the light most favorable to the nonmoving party."
*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

"Generally, district courts may not consider material outside the pleadings when
assessing the sufficiency of a complaint under Rule 12(b)(6)."  *Khoja v. Orexigen
Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  When "matters outside the
pleading are presented to and not excluded by the court," the 12(b)(6) motion converts
into a motion for summary judgment.  Fed. R. Civ. P. 12(d).  "A court may, however,
consider certain materials—documents attached to the complaint, documents

1  incorporated by reference in the complaint, or matters of judicial notice—without

2  converting the motion to dismiss into a motion for summary judgment." *United States v.*

3  *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Accordingly, the Court only considers the

4  pleadings and the documents attached to the TAC.

<b>b.    <u>Qualified Immunity</u></b>

6  "A plaintiff may sue for damages under § 1983 when an official causes the

7  plaintiff to be subjected to an unconstitutional search by presenting a search warrant

8  application that fails to establish probable cause." *Hupp v. San Diego Cnty. Dist. Att'y*,

9  No. 12-CV-0492-GPC-RBB, 2015 WL 6869336, at *3 (S.D. Cal. Nov. 9, 2015) (citing

10  *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1308 (9th Cir.1994)).  In such

11  cases, qualified immunity shields the official from liability unless "a reasonably well-

12  trained officer in [the defendant's] position would have known that his affidavit failed to

13  establish probable cause and that he should not have applied for the warrant." *Malley v.*

14  *Briggs*, 475 U.S. 335, 345 (1986).  "[T]he threshold for establishing this exception is a

15  high one." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012).  After all, "in the

16  ordinary case, an officer cannot be expected to question the magistrate's probable-cause

17  determination because it is the magistrate's responsibility to determine whether the

18  officer's allegations establish probable cause and, if so, to issue a warrant comporting in

19  form with the requirements of the Fourth Amendment." *Id.* (quotations omitted).

20  In sum, the validity of the warrant is not presently before the Court.  *See*

21  *Messerschmidt*, 565 U.S. at 546.  "The question instead is whether [the defendant] [is]

22  entitled to immunity from damages, even assuming that the warrant should not have been

23  issued." *Id.*

24  **3.    <u>DISCUSSION</u>**

25  The Court finds that Defendant is entitled to qualified immunity.  The TAC

26  provides multiple grounds for finding that the affidavit is wanting of probable cause but

27  fails to demonstrate that it lacked an "indicia of probable cause as to render official belief

28  in its existence entirely unreasonable." *Messerschmidt*, 565 U.S. at 547.  On the contrary,

21-cv-1667-L-KSC

1   the affidavit names the places to be searched and lists the specific property sought.  (ECF

2   No. 35-2, at 2–3.)  The affidavit also states that Defendant identified Plaintiff through

3   emails between Plaintiff and a previously identified co-conspirator.  (*Id.* at 9.)   Despite

4   suffering from clear deficiencies, the affidavit is not so utterly lacking such that "it is

5   obvious that no reasonably competent officer would have concluded that a warrant should

6   issue."  *Malley*, 475 U.S. at 341; *accord Groh v. Ramirez*, 540 U.S. 551, 558 (2004)

7   (holding an affiant is not entitled to qualified immunity where "the warrant did not

8   describe the items to be seized *at all*").  In light of the Court's finding, Plaintiff cannot

9   state a plausible claim and Defendant's motion to dismiss is granted.

10       **4.       CONCLUSION**

11       For the reasons stated above, Defendant's motion to dismiss is **GRANTED**.

12   Additionally, the Court dismisses Plaintiff's claim against Defendant Steele **WITHOUT**

13   **LEAVE TO AMEND**.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that

14   "repeated failure to cure deficiencies by amendments previously allowed" is proper

15   grounds to deny leave to amend); *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021)

16   ("Dismissal without leave to amend is proper if it is clear that the complaint could not be

17   saved by amendment.").  Plaintiff's motion to strike is **DENIED** as moot.

18       **IT IS SO ORDERED.**

19

20   Dated:  February 15, 2023

21                                                    _____
                                                        Hon. M. James Lorenz
22                                                     United States District Judge

23

24

25

26

27

28

4